# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br>PETER BELER,<br><br>          Defendant | Criminal Action No. 19-415 (CKK) |

**MEMORANDUM OPINION & ORDER**
(January 29, 2021)

Defendant Peter Beler has filed two motions to dismiss his indictment. First, Mr. Beler moves to dismiss his case on due process grounds, contending that his continued hospitalization with the Bureau of Prisons ("BOP") is unlawful under 18 U.S.C. § 4241(d). *See* Def.'s Mot., ECF No. 109-2, at 1. In the alternative, Mr. Beler requests that the Court issue "an expedited ruling on the likelihood of his restorability pursuant to 18 U.S.C. § 4241(d) and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* Second, Mr. Beler has filed a separate motion to dismiss his indictment under the Sixth Amendment and the Speedy Trial Act. *See* Def.'s Mot., ECF No. 110-2, at 1. Upon consideration of the parties' briefs and the record herein,[1] the Court will **DENY** Mr. Beler's pending motions, to the extent Mr. Beler seeks the outright dismissal of his case. Nonetheless, the Court will **GRANT** Mr. Beler's motions, in so far as he requests an

---

[1] This Memorandum Opinion and Order focuses on the following briefing and record materials:
- Compl., ECF No. 1;
- Def.'s Mot. to Dismiss Due to Unlawful Hospitalization, or, in the Alternative, Mot. for Expedited Ruling under 18 U.S.C. § 4241(d) ▬▬▬▬▬▬▬▬▬▬▬▬▬ ("Def.'s Mot."), ECF No. 109-2;
- Def.'s Mot. to Dismiss Due to Violations of Sixth Amendment and Speedy Trial Act ("Def.'s Mot."), ECF No. 110-2;
- Gov't Opp'n to Def.'s Motions to Dismiss, ECF No. 111-1;
- Def.'s Reply in Supp. of Motions to Dismiss, ECF No. 112-2;
- Def.'s Supplement to his Reply in Supp. of Motions to Dismiss, ECF No. 113-2; and
- Gov't Resp. to Def.'s Jan. 28, 2021 Suppl. Filing, ECF No. 116-1.

1

expedited ruling on the likelihood of his restorability pursuant to 18 U.S.C. § 4241(d) and ▬

## I.     BACKGROUND

Mr. Beler was arrested on April 17, 2019, and, on that same day, a criminal complaint charged Mr. Beler with a single count for the distribution and receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). *See* Compl., ECF No. 1, at 1. At Mr. Beler's initial appearance before Magistrate Judge Deborah Robinson, defense counsel and the government jointly moved for a forensic screening of Mr. Beler. *See* Apr. 17, 2019 Min. Order. Shortly thereafter, on April 23, 2019, Magistrate Judge Robinson committed Mr. Beler to the custody of the Attorney General for a period not to exceed thirty days, so that a determination could be made regarding Mr. Beler's competency to stand trial. *See* Apr. 23, 2019 Order, ECF No. 8, at 1 (citing 18 U.S.C. §§ 4241, 4247(b)).

After a period of delay, Mr. Beler arrived at a BOP facility in Englewood, Colorado on May 31, 2019 for his competency evaluation. *See* Nov. 6, 2019 Mem. Op., ECF No. 35, at 3. On August 6, 2019, BOP psychologist Dr. Jessica Micono submitted a recommendation that the Court find Mr. Beler incompetent and commit him to the custody of the Attorney General for competency restoration treatment. *See* Psych. Eval., ECF No. 14, at 15. On August 14, 2019, Magistrate Judge Robinson found that Mr. Beler was not competent to stand trial and committed Mr. Beler to the custody of the Attorney General for a 60-day period of hospitalization "to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." Aug. 14, 2019 Order, ECF No. 15, at 1 (citing 18 U.S.C. § 4241(d)(1)). As of September 24, 2019, however, the government had not yet transported Mr. Beler from the District of Columbia jail to a BOP facility, as ordered by Magistrate Judge

2

Robinson. *See* Nov. 6, 2019 Mem. Op., ECF No. 35, at 5. Nor had any indictment been returned against Mr. Beler. *See id.*

Given this delay, defense counsel moved for Mr. Beler's release from custody under the Speedy Trial Act. *See* Def.'s Mot., ECF No. 16, at 1. Magistrate Judge Robinson granted this motion on October 7, 2019 and dismissed Mr. Beler's criminal complaint. *See* Nov. 6, 2019 Mem. Op., ECF No. 35, at 5. On November 6, 2019, however, Chief Judge Beryl Howell vacated Magistrate Judge Robinson's dismissal order and reinstated the criminal complaint against Mr. Beler. *See id.* at 29. In her decision, Chief Judge Howell specifically held that "upon a declaration that a defendant is incompetent, subsection (h)(4) [of the Speedy Trial Act] excludes all periods of delay thereafter 'in computing the time within which an information or an indictment must be filed.'" *Id.* at 28 (quoting 18 U.S.C. § 3161(h)).

Following Chief Judge Howell's decision, Mr. Beler was rearrested on November 7, 2019 and detained pending trial pursuant to 18 U.S.C. § 3142. *See* Detention Order, ECF No. 44, at 1. Then, on December 16, 2019, the government returned a three-count indictment against Mr. Beler charging him with Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2), Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2), and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B). *See* Indictment, ECF No. 57. Finally, on December 19, 2019, Mr. Beler arrived at a BOP facility, FMC Fort Worth, for a period of hospitalization pursuant to 18 U.S.C. § 4241(d). *See* Dec. 23, 2019 Status Rep., ECF No. 59, at 1; Aug. 14, 2019 Order, ECF No. 15, at 1.

On February 19, 2020, the BOP staff at FMC Fort Worth requested four months of "additional time to conduct a thorough, adequate, and comprehensive evaluation in order to determine if [Mr. Beler] is competent and/or whether there is a substantial probability that he can

3

be restored to competency." Feb. 21, 2020 Order, ECF No. 60, at 1. With no objection from the parties at that time, the Court ordered FMC Fort Worth to conduct a comprehensive evaluation and submit a forensic report regarding Mr. Beler's competency by May 1, 2020. *See id.* at 1–2. On May 22, 2020, the BOP submitted the requested forensic report, which included a proposal from Dr. Anne Cuccio that Mr. Beler receive ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to restore him to competency for trial. *See* Forensic Rep., ECF No. 62, at 14–15. On June 12, 2020, the government formally requested a hearing to determine whether the BOP could administer involuntary medication to Mr. Beler pursuant to *Sell v. United States*, 539 U.S. 166 (2003). *See* Jt. Status Rep., ECF No. 63, at 1. The Court subsequently held a five-day *Sell* hearing, including testimony from competing expert witnesses, between August 4, 2020 and September 1, 2020. After the hearing concluded, the parties submitted their respective *Sell* briefs to the Court on September 22, 2020, and September 29, 2020. In conjunction with this Memorandum Opinion and Order, the Court is ruling today on the government's pending motion to involuntarily medicate Mr. Beler under *Sell*.

      Following the conclusion of the Court's *Sell* hearing, Mr. Beler remained hospitalized at FMC Fort Worth and continued to receive competency restoration treatment. *See, e.g.*, Suppl. BOP Rec., ECF No. 108-1, at 55. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████

On January 15, 2021, Mr. Beler filed two separate motions to dismiss, predicated on his rights under the Speedy Trial Act, the Sixth Amendment, and the Due Process Clause of the Constitution. On January 22, 2021, the government filed a consolidated opposition to Mr. Beler's dispositive motions. *See* Gov't Opp'n, ECF No. 111-1. Then, on January 27, 2021, Mr. Beler filed his own consolidated reply brief. *See generally* Def.'s Reply, ECF No. 112-2. But just after filing his reply brief, Mr. Beler's defense counsel received an additional set of supplemental documents from the BOP, covering Mr. Beler's treatment during the period between January 5, 2021 and January 26, 2021. *See* Def.'s Supplement, ECF No. 113-2, at 1. Accordingly, Mr. Beler filed a supplemental pleading on January 28, 2021, referencing this additional material. *See id.* In turn, the Court promptly filed the supplemental BOP documentation on the docket under seal, *see* Suppl. BOP Rec., ECF No. 114, and permitted the government an opportunity to respond to Mr. Beler's additional argumentation in his January 27, 2021 pleading. *See* Jan. 27, 2021 Min. Order. The government then submitted its own supplemental response on January 29, 2021. *See* Gov't Suppl. Resp., ECF No. 116-1.

5

The Court has now reviewed and considered the entirety of the parties' briefing and the full extent of the supplemental BOP documentation now available. Accordingly, Mr. Beler's pending motions to dismiss are ripe for this Court's review. *See* Def.'s Mot., ECF No. 109-2, at 1; Def.'s Mot., ECF No. 110-2, at 1.

## II. DISCUSSION

For the reasons set forth below, the Court will **DENY** Mr. Beler's pending motions, to the extent Mr. Beler seeks the outright dismissal of his case. Nonetheless, the Court will **GRANT** Mr. Beler's motions, in so far as he requests an expedited ruling on the likelihood of his restorability pursuant to 18 U.S.C. § 4241(d) ▌

### A. Sixth Amendment and Speedy Trial Act

In one of his motions, Mr. Beler moves the Court to dismiss his case under the Sixth Amendment and the Speedy Trial Act. *See* Def.'s Mot., ECF No. 110-2, at 1. Upon review of the record and the applicable authorities, however, the Court finds that neither the Sixth Amendment nor the Speedy Trial Act supports Mr. Beler's requested relief.

As an initial matter, the Court can quickly dispose of any argument that the Speedy Trial Act, itself, requires the dismissal of Mr. Beler's indictment. *See* 18 U.S.C. § 3161(h). On November 6, 2019, Chief Judge Howell vacated Magistrate Judge Robinson's dismissal under the Speedy Trial Act. In her detailed opinion, Chief Judge Howell concluded that Mr. Beler's rights under the Speedy Trial Act had not been violated in this case and, therefore, reinstated Mr. Beler's criminal complaint. Nov. 6, 2019 Mem. Op., ECF No. 35, at 29. Of note, Chief Judge Howell specifically held that "all time after a finding of incompetence is excludable" under subsection

6

(h)(4) of the Speedy Trial Act.  Nov. 6, 2019 Mem. Op., ECF No. 35, at 24 (citing 18 U.S.C. § 3161(h)(4)).

The parties in this case agree that Mr. Beler has remained incompetent since at least August 14, 2019, if not earlier.  Consequently, all delay since that time has been excludable under § 3161(h)(4), as specifically decided by Chief Judge Howell in her November 6, 2019 opinion.  Nov. 6, 2019 Mem. Op., ECF No. 35, at 28.  For this reason alone, Mr. Beler's motion for dismissal under the Speedy Trial Act falls short.  At bottom, Mr. Beler's current motion simply attempts to relitigate the Speedy Trial Act issues that Chief Judge Howell already addressed in her November 6, 2019 decision.  *See* Def.'s Mot., ECF No. 110-2, at 14 ("Mr. Beler respectfully disagrees with Chief Judge Howell's November [6], 2019 ruling and interpretation of the Speedy Trial Act.").  Mr. Beler's present motion, however, is not the appropriate vehicle for a *de facto* appeal of that decision and, therefore, the Court will abide by the Chief Judge Howell's holding therein.  As an additional note, the current COVID-19 standing order for this Court excludes all time under the Speedy Trial Act between March 17, 2020 through March 15, 2021, because of the public health concerns created by the ongoing COVID-19 pandemic.  *See* In re: Sixth Extension of Postponed Jury Trials Due to Ongoing Exigent Circumstances Caused by COVID-19 Pandemic, Standing Order No. 20-93 (citing 18 U.S.C. § 3161(h)(7)(A)).  For these reasons, the Court concludes that the Speedy Trial Act does not compel the dismissal of Mr. Beler's case.

Apart from his arguments under the Speedy Trial Act, Mr. Beler also argues that the ongoing delay between his arrest and his trial—still yet to occur in this case—constitutes a violation of his Sixth Amendment right to a speedy trial.  *See* Def.'s Mot., ECF No. 110-2, at 7.  As a legal matter, it is true that "[t]he absence of a Speedy Trial Act violation does not *ipso facto* defeat a Sixth Amendment speedy trial claim."  *United States v. Rice*, 746 F.3d 1074, 1081 (D.C.

7

Cir. 2014) (quotations and citations omitted). But "it will be an unusual case in which the Act is followed [yet] the Constitution violated." *Id.* As explained below, this is not that "unusual" case.

"The Speedy Trial Clause guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial.'" *United States v. Taylor*, No. CR 18-198 (JEB), 2020 WL 7264070, at \*8 (D.D.C. Dec. 10, 2020) (quoting U.S. CONST. amend. VI). "This 'amorphous, slippery, and necessarily relative' constitutional right 'is consistent with delays and dependent upon circumstances.'" *Taylor*, 2020 WL 7264070, at \*8 (quoting *Vermont v. Brillon*, 556 U.S. 81, 89 (2009)). "Instead of imposing a specific timeline governing all trials," however, "the Supreme Court has applied a balancing test that weighs four factors: 1) '[t]he length of the delay'; 2) 'the reason for the delay'; 3) 'the defendant's assertion of his right'; and 4) 'prejudice to the defendant.'" *Taylor*, 2020 WL 7264070, at \*8 (quoting *Barker v. Wingo*, 407 U.S. 514, 520–32 (1972)). "None of these factors is 'either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.'" *Taylor*, 2020 WL 7264070, at \*8 (quoting *Barker*, 407 U.S. at 533). Instead, the factors "must be considered together with such other circumstances as may be relevant" as part of a "sensitive balancing process." *Barker*, 407 U.S. at 533.

In this case, over twenty-one months have elapsed since Mr. Beler was first arrested and charged on April 17, 2019. *See* Compl., Stmt. of Facts, ECF No. 1-1, at 2. The parties agree that this delay has been extensive and, indeed, a delay of twenty-one months is "presumptively prejudicial" to a criminal defendant. *United States v. Bikundi*, 926 F.3d 761, 779 (D.C. Cir. 2019). Moreover, defense counsel has been diligent in asserting Mr. Beler's right to a speedy trial. *See, e.g.*, Def.'s Not. of Objection, ECF No. 61, at 1–5. Nonetheless, the D.C. Circuit has rejected speedy trial challenges in cases involving much lengthier delays than the twenty-one month delay presently at issue. *See United States v. Tchibassa*, 452 F.3d 918, 924, 927 (D.C. Cir. 2006) (delay

8

of nearly eleven years); *United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 202–03 (D.C. Cir. 2013) (delay of three-and-a-half years). Moreover, "the peculiar circumstances of th[is] case" offer multiple justifications for the delay in question. *Barker*, 407 U.S. at 530–31. First, the trial delay in this case derives from the complex issues surrounding Mr. Beler's competency, including substantive pretrial motions and a full *Sell* hearing to consider the propriety of involuntary medication for Mr. Beler. And to date, Mr. Beler continues to lack the requisite competency to stand trial. *See* Def.'s Mot., ECF No. 109-2, at 1. Furthermore, it cannot be ignored that the ongoing COVID-19 pandemic has halted all jury trials from March 17, 2020 through at least March 15, 2021. *See* In re: Sixth Extension of Postponed Jury Trials Due to Ongoing Exigent Circumstances Caused by COVID-19 Pandemic, Standing Order No. 20-93 (citing 18 U.S.C. § 3161(h)(7)(A)). Collectively, the unique complications presented by Mr. Beler's competency and the ongoing threat of COVID-19 weigh against a finding that Mr. Beler's speedy trial right has been violated.

The Court remains cognizant, however, of any prejudice Mr. Beler might have suffered as a result of the delays in his case. Prejudice under the Sixth Amendment "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect," specifically including a defendant's desire "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. "Of these [interests], the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

To establish prejudice here, Mr. Beler first points to his fear of contracting COVID-19 at FMC Fort Worth. *See* Def.'s Mot., ECF No. 110-2, at 13. The Court does not doubt the sincerity

9

of this concern. The obstacles presented by COVID-19, however, are in no way specific to Mr. Beler or FMC Fort Worth. Sadly, this once in a century pandemic has thoroughly disrupted American life and created untold hardship for millions. And while detained individuals like Mr. Beler have undoubtedly faced these difficulties as well, the unique hardships of the pandemic do not clearly support dismissal under the Sixth Amendment. *See, e.g.*, *Taylor*, 2020 WL 7264070, at \*10 (denying Sixth Amendment motion to dismiss based on COVID-19 hardship). Indeed, it is precisely *because* of COVID-19 that jury trials cannot proceed at this time. *See* In re: Sixth Extension of Postponed Jury Trials Due to Ongoing Exigent Circumstances Caused by COVID-19 Pandemic, Standing Order No. 20-93.

Next, Mr. Beler references his "major anxiety over both the outstanding charges as well as the question of whether he will be forcibly medicated under *Sell*." *See* Def.'s Mot., ECF No. 110-2, at 13. Again, the Court does not question that such difficulties are inherent in Mr. Beler's pretrial detention. The Court, however, must balance these generalized concerns against the Supreme Court's "speedy trial standards," which "recognize that pretrial delay is often both inevitable and wholly justifiable." *Doggett v. United States*, 505 U.S. 647, 656 (1992). And, as noted above, the D.C. Circuit has rejected Sixth Amendment challenges involving delays much longer than the twenty-one month delay in this case. *See, e.g.*, *Lopesierra-Gutierrez*, 708 F.3d at 202–03 (delay of three-and-a-half years). Moreover, Mr. Beler's concern regarding the possibility of forced medication under *Sell* does not weigh in favor of dismissal under the Sixth Amendment, particularly where the complexities of his *Sell* hearing have contributed directly to the delay in question. *See* disc. *supra* at § I. The Court is also issuing a ruling on the government's *Sell* motion this same day, ending that particular source of delay.

Finally, Mr. Beler cites to the hardship he has experienced by virtue of his separation from his attorneys in Washington, D.C.  *See* Def.'s Mot., ECF No. 110-2, at 13.  The Court does not find, however, clear evidence indicating that this separation has impaired Mr. Beler's legal defense in a manner that would warrant dismissal.  As a practical matter, the present COVID-19 restrictions on travel and visitation at BOP facilities have made telecommunication the default form of attorney-client communication, irrespective of locale or geographic proximity.  Moreover, the record in this case demonstrates that defense counsel has competently and thoroughly represented Mr. Beler's interests.  ████████████

████████████████████████████████

████████████████████████  The Court finds, however, that the length of Mr. Beler's pretrial detention, at this time, has not raised an impediment sufficient to merit dismissal.  This is particularly true given that the *Sell* hearing in this case has involved the intensive preparation and preservation of documentary and testimonial evidence ████

████████████████████████

For these reasons, the Court does not find that Mr. Beler has suffered sufficient prejudice to merit the dismissal of his case under the Sixth Amendment.  This conclusion is reinforced by the unique effects that Mr. Beler's ████ and the ongoing COVID-19 pandemic have had on the progress of Mr. Beler's prosecution.  *Barker*, 407 U.S. at 533.  On balance, such circumstances convince the Court that the pretrial delay in this case has not violated Mr. Beler's Sixth Amendment right to a speedy trial and does not, therefore, merit dismissal.

## B. Unlawful Hospitalization Under 18 U.S.C. § 4241

In addition to his motion under the Sixth Amendment and Speedy Trial Act, Mr. Beler has separately moved the Court to dismiss his case on due process grounds.  *See* Def.'s Mot., ECF No.

11

109-2, at 10–12. Mr. Beler bases this due process argument on his continued hospitalization at FMC Fort Worth, which Mr. Beler contends is now unlawful. *See id.* As explained below, the Court agrees with Mr. Beler that his continued detention at FMC Fort Worth lacks statutory support. Nonetheless, the Court does not find that Mr. Beler is entitled to a complete dismissal of his indictment. Instead, the appropriate remedy is an expedited ruling from this Court under 18 U.S.C. § 4241(d) regarding the probability that Mr. Beler will be restored to competency for trial.

The Insanity Defense Reform Act of 1984 provides that if "the court finds by a preponderance of the evidence that [a] defendant is presently suffering from a mental disease or defect rendering him mentally incompetent, . . . the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). Thereafter, the Attorney General "shall hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, *not to exceed four months*, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id.* at § 4241(d)(1) (emphasis added). "The only manner by which a defendant can be kept in confinement beyond four months is through a court order finding that he has a substantial probability of attaining competency" under 18 U.S.C. § 4241(d)(2)(A), *United States v. Gamarra*, 308 F. Supp. 3d 230, 233 (D.D.C. 2018), or a court order for the defendant's continued hospitalization under 18 U.S.C. § 4241(d)(2)(B).

In this case, Magistrate Judge Robinson found that Mr. Beler was not competent for trial and committed him to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d)(1), on August 14, 2019. *See* Aug. 14, 2019 Order, ECF No. 15, at 1. The BOP ultimately hospitalized Mr. Beler at FMC Fort Worth on December 19, 2019. *See* Dec. 23, 2019 Status Rep., ECF No. 59, at 1. Consequently, Mr. Beler's four-month period of hospitalization at FMC Fort Worth, as

12

authorized under § 4241(d)(1), expired on April 19, 2020. Since that time, however, the BOP has retained custody of Mr. Beler at FMC Fort Worth, absent any order from this Court under § 4241(d)(2) permitting Mr. Beler's continued hospitalization. Therefore, as the government concedes, Mr. Beler's continued hospitalization at FMC Fort Worth is no longer authorized under § 4241(d). *See* Gov't Opp'n, ECF No. 111-1, at 16; *United States v. Magassouba*, 544 F.3d 387, 414–15 (2d Cir. 2008).

The parties dispute, however, the appropriate remedy for Mr. Beler's continued hospitalization at FMC Fort Worth, absent the requisite statutory authority under § 4241(d). Mr. Beler contends that this period of unauthorized hospitalization merits the dismissal of his indictment on due process grounds. *See* Def.'s Mot., ECF No. 109-2, at 10–12. The Court, however, disagrees. To start, "[t]he [Insanity Defense Reform] Act itself provides no particular remedy for violating its time limits," and "nothing in the Act suggests that dismissal is a necessary or proper remedy." *Gamarra*, 308 F. Supp. 3d at 233. To the contrary, "the proper remedy for this violation is not to dismiss the indictment, but rather to ensure a speedy evaluation under § 4241(d)(2)." *Id.* Accordingly, the Court cannot find that the dismissal of Mr. Beler's indictment is appropriate under § 4241(d).

Neither does Mr. Beler's constitutional right to due process compel the dismissal of his case. "[T]he Constitution . . . draws no bright lines signaling when an incompetent defendant's continued detention to restore competency becomes unreasonable." *Magassouba*, 544 F.3d at 416 (citing *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Instead, courts look to the "totality of the circumstances," focusing on the length of time at issue, the medical assessments of the defendant's ability to attain competency, the reason for any delay in helping the defendant attain competency,

13

the defendant's assertion of his rights, and any prejudice to the defendant. *See Magassouba*, 544 F.3d at 417.

On balance, these due process factors do not weigh in favor of dismissal. First, the length of Mr. Beler's confinement, while not insignificant, is not of the duration that would manifestly merit the disposal of his case. *See Jackson*, 406 U.S. at 738; *Gamarra*, 308 F. Supp. 3d at 233. Moreover, during the pretrial period now at issue, Mr. Beler has not been languishing without attention. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Moreover, the medical and legal complexities that have arisen in Mr. Beler's case, have only been rendered more challenging by the impact of COVID-19 on in-person interactions. The Court also notes that Mr. Beler was delayed in asserting his due process rights. Mr. Beler did not formally raise his current due process defense until January 15, 2021, months after his hospitalization at FMC Fort Worth had extended past the four-month period permitted by § 4241(d)(1). *See* Def.'s Mot., ECF No. 109-2, at 10–12. Mr. Beler's delay in asserting his due process argument weighs against a complete dismissal of his indictment.

Finally, the Court also finds that Mr. Beler has not demonstrated sufficient prejudice from his hospitalization at FMC Fort Worth to warrant dismissal. As an initial matter, Mr. Beler does not argue that this period of hospitalization extended his pretrial *confinement*. *See id.* Even after

14

a release from FMC Fort Worth, Mr. Beler would still face the prospect of pretrial detention under the Bail Reform Act. *See Magassouba*, 544 F.3d at 414–15; Nov. 19, 2019 Detention Order, ECF No. 44, at 1 (citing 18 U.S.C. § 3142).

15

That does not mean, however, that Mr. Beler is without recourse. The government concedes that Mr. Beler's hospitalization at FMC Fort Worth is no longer authorized under 18 U.S.C. § 4241(d). As noted above, the appropriate "remedy for this violation is . . . to ensure a speedy evaluation under § 4241(d)(2)." *Gamarra*, 308 F. Supp. 3d at 233. Accordingly, the Court will **GRANT** Mr. Beler's motion, to the extent it requests that "the Court make a 'substantial probability' determination" under § 4241(d)(2) "without further delay." Def.'s Mot., ECF No. 109-2, at 12. To that end, the Court is issuing a ruling today on the government's pending motion for involuntarily medication of Mr. Beler under *Sell*.



### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Mr. Beler's motions to dismiss his case under the Speedy Trial Act, the Sixth Amendment, and the Due Process Clause. *See* Def.'s Mot., ECF No. 109-2, at 1; Def.'s Mot., ECF No. 110-2, at 1. The Court, however, **GRANTS** Mr. Beler's request for an expedited ruling on the likelihood of his restorability pursuant to 18 U.S.C. § 4241(d) and is issuing an opinion to that effect this same day.

16

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

**SO ORDERED.**

**Dated**: January 29, 2021

                                              /s/
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge

17